## Dennis T. Meneley v. John Carson.

1. NUISANCES—*Prowling Dogs.*—If the owner of a dog suffers him to prowl about his neighbor's house and barns and to annoy his family by howling about the house at night, the owner can not complain if the dog is regarded as a private nuisance and abated.

2. EVIDENCE—*Value of Animals—Vicious Habits.*—In an action for killing a dog, it is competent to show that he was accustomed to rush into the highway and jump in a vicious manner at persons and animals passing along the road, frightening horses and annoying persons, etc., although the dog was not so engaged when killed nor killed because thereof.

**Memorandum.**—Action for killing a dog. In justice's court. Appeal to the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Trial by jury; verdict for defendant; plaintiff appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

W. M. WARD, attorney for appellant.

H. H. MONTGOMERY, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellant sued appellee before a justice of the peace for killing a dog, brought the case into the Circuit Court by appeal, and from the judgment of the latter court appealed to this court. Appellee shot the dog while it was

Meneley v. Carson.

wandering about his barn lot and his defense was that the animal had frequently before come to his premises, invaded his barnyard, hen houses, chased his fowls and ate their eggs in the daytime and howled about his house after nightfall, and that he complained to the appellee, who authorized him to shoot the dog if it bothered him again. We can not say that the evidence was insufficient to warrant the jury in regarding these defenses as proved. The appellant denied that he licensed the appellee to kill the dog. The proof upon this point sufficiently showed that the appellant authorized appellee to shoot the dog if he annoyed him again. It has been held and the ruling meets the approbation of this court, that if one suffers his dog to prowl about his neighbor's house and barn and to annoy his family by howling about the house at night, the owner can not complain if the dog is regarded as a private nuisance and abated as such. Brill v. Flagler, 23 Wend. 344.

The court permitted the appellee to prove that the dog was accustomed to rush into the highway in front of appellant's home and bark and jump in a vicious manner at persons and animals passing along the road, and that teams of horses had been frightened and persons greatly annoyed and possibly placed in danger by such acts of the dog. The testimony was proper though the dog was not so engaged when killed or not killed because thereof. The value of an animal may be enhanced by good qualities or diminished by bad habits and evil propensities, and proof of either is proper for the consideration of a jury charged with the duty of determining the value of the animal. The fact that the proof as to the objectionable conduct of the dog was confined to his acts some months before he was killed and while he was a " mere pup," does not render it less competent. The objection based upon that point touched the weight, not the competency of the proof. Though competent to do so it was not met with proof that age had brought wisdom and prudence and eradicated the bad habits of pup-hood. The court properly refused to instruct the jury as asked by the appellant that a particular fact specified in the instruction should

be taken into consideration by the jury together with all other facts proven. The fact referred to was not conclusive and undue prominence should not have been given it by calling particular attention to it by an instruction. The complaint that the first instruction for the appellee advised the jury that the law cast upon the appellant the burden of overcoming appellee's ground of defense by a preponderance of the evidence is not well grounded. Neither party asked nor did the court give an instruction directly upon that proposition. The instruction complained of only imposed upon the appellant the burden of proving his case or grounds of recovery by the greater weight of the evidence. Instruction No. 2 in the same behalf is justly open to the criticism that it states merely an abstract principle not involved. The legal information thus unnecessarly imparted to the jury in no wise prejudiced the appellant's cause, and we are unable to see that it rendered the jury less competent to comprehend and determine the real issue. Objections are urged against each of the other instructions given in behalf of the appellee. Some of these objections are well grounded, but the errors were of minor importance did not affect the substantial right of the parties, and are not deemed sufficient to require the reversal of a judgment which is, we think, right upon the merits.

The judgment is affirmed.